USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3-29-19

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

EDWIN S. TWEEDY,

                              Plaintiff,

      -against-                                    1:18-cv-1470 (ALC)

CITY OF NEW YORK; FIRE DEPARTMENT OF
NEW YORK CITY; DR. DARIO GONZALEZ,      **OPINION & ORDER**

                            Defendants.

-----------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

      Plaintiff Edwin S. Tweedy charges Defendants the Fire Department of New York City, The City of New York, and Dr. Dario Gonzalez (collectively "defendants") with violating his civil rights pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"). Defendants now move to dismiss the complaint. For the reasons that follow, Plaintiff's ADEA claim is DISMISSED with leave to amend.

## BACKGROUND

**I.    Factual Background[1]**

**A. Plaintiff's Professional Experience**

---

[1] These facts derive from Plaintiff's First Amended Complaint ("FAC") and are presumed to be true. ECF No. 21.

1

Plaintiff is sixty-four years old. FAC. ¶10. He holds a Master of Science Degree in Transportation Management and International Trade from SUNY Maritime College and is also a US Merchant Marine Academy at Kings Point graduate. *Id.* at ¶¶ 33-34. Kings Point is the only one of the five federal academies that requires a US Coast Guard Merchant Marine Officer License to graduate in addition to a BS and a commission in the US Navy. *Id.* at ¶ 33.[2] Plaintiff was in the Dual License (Deck and Engine) program at the Academy and gained comprehensive knowledge in steam and diesel engine room operations, cargo operations, fire and damage control/systems, ship medicine, navigation, seamanship, port security, harbor operations, and maritime contract law. *Id.* at ¶¶ 35-38. Plaintiff also taught courses on commercial and practical aspects in the shipping industry at the University of Houston, Kings Point, various industry seminars and served as a consultant to shipping and commercial chartering personnel. *Id.* at ¶ 40

**B. Plaintiff's FDNY Experience**

Plaintiff's profession made him familiar with New York Harbor and other North American ports and terminals. *Id.* at ¶ 39. Following the tragedy of September 11, 2001, Plaintiff resigned from his prior occupation, applied to the FDNY, and was hired as a Paramedic. *Id.* at ¶ 41.

On December 6, 2016, the FDNY issued EMS Order No. 60 inviting qualified personnel to apply for Rescue Paramedic positions. *Id.* at ¶ 11. Rescue Paramedics provide emergency services to individuals in peril on ships and boats, marine cranes, and New York's ports and harbors. *Id.* at ¶ 32. Essentially, Rescue Paramedics are expected to know their way around marine vessels and other marine related equipment and

---

[2] Kings Point emphasizes practical seamanship skills and requires its midshipman to spend a full year at sea on commercial merchant vessels to graduate. *Id.* at ¶ 35.

facilities. *Id.* Plaintiff met all criteria for eligibility specified in the Order and was asked by his supervisor and the Senior Rescue Instructor, Don Faeth, to apply for the position. *Id.* at ¶¶ 12-13. Plaintiff also received a recommendation from his Station Commanding Officer and Division Commander. *Id.* at ¶22.

At the time of his application, Plaintiff completed at least two years of experience as an FDNY/REMAC certified paramedic, possessed valid New York State Department of Health EMT-Paramedic and New York City REMAC certifications, and maintained a satisfactory time and leave profile. *Id.* at ¶¶ 14-16. Plaintiff had no pending or unresolved disciplinary actions, no patient care violations or disciplinary actions for the prior two years, received either a "Very Good" or "Outstanding" rating on his most recent performance evaluations, completed ALS Haz-Tac Basic Training, and successfully completed a competitive physical agility test. *Id.* at ¶¶ 18-21.

By December 22, 2016, Plaintiff passed the required tests and had all the required experience for the position. *Id.* at ¶ 14. The FDNY scheduled Plaintiff's interview for the Rescue Medic position on January 10, 2017 at Haz-Tac Battalion on Randall's Island. *Id.* at ¶ 24. However, the day before the scheduled interview, Defendant Dr. Dario Gonzalez disqualified Plaintiff for the position and cancelled his interview with no explanation. *Id.* at ¶ 25.

Plaintiff was older than every candidate both interviewed and hired. *Id.* at ¶ 26. Plaintiff alleges that The FDNY and Dr. Gonzalez discriminatorily hired one or more individuals under the age of forty, despite Plaintiff's superior qualifications. *Id.* at ¶ 44.

In February 2018, Plaintiff resigned from the FDNY after being denied promotion and suffering from discrimination. *Id.* at ¶ 45. Plaintiff then complained and filed an age

discrimination complaint with the EEOC, allegedly causing defendants to retaliate against him by again denying him the Rescue Paramedic position. *Id.* Plaintiff also alleges defendants failed to investigate his age discrimination complaint, as required by New York City and FDNY policies, to cover up their activity. *Id.* at ¶ 50.

## II. Procedural Background

On February 19, 2018, Plaintiff commenced this action against the City of New York, FDNY, and Dr. Dario Gonzalez for violating the ADEA. ECF No. 1. On July 16, 2018, Plaintiff filed an amended complaint against the same defendants. ECF No.21. On August 6, 2018, Defendants moved to dismiss the amended complaint in its entirety. ECF No. 24.

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955).

In considering a motion to dismiss, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. See *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct.1955). Instead, the complaint's factual allegations must be sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955). The court "may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted).

## DISCUSSION

### I. The FDNY Cannot be Sued as an Agency

As an initial matter, all claims brought against the FDNY are dismissed. "All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." NYC Charter § 396. The FDNY does "not have a legal identity separate and apart from the municipality and cannot sue or be sued." *Candelario v. City of New York*, 539 Fed. App'x 17 (2d Cir. 2013); *see also Olabopo v. Gomes*, 2016 U.S. Dist. LEXIS 134521, at *9 (E.D.N.Y. September 28, 2016) (dismissing claims against FDNY because it is a non-suable entity); *United States v. City of New York*, 683

5

F.Supp.2d 225, 243 (E.D.N.Y.2010) (citing *Warheit v. City of New York*, No. 02 Civ. 7345 (PAC), 2006 WL 238187 1, at 13 (S.D.N.Y. Aug. 15, 2006)) (dismissing all claims against FDNY because FDNY is not suable). Accordingly, the FDNY is not a suable entity, and all claims against it are dismissed.

## II. Age Discrimination

"To establish a prima facie case [under the ADEA], a plaintiff with an age discrimination claim must show (1) that [he or] she was within the protected age group, (2) that [he or] she was qualified for the position, (3) that [he or] she experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301, 310 (S.D.N.Y. 2015). (quoting *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir.2012)). In addition, as the Supreme Court held in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176, 129 S. Ct. 2343, 2350, 174 L. Ed. 2d 119 (2009), to establish a prima facie disparate-treatment claim under the ADEA, a plaintiff has the burden of proving that age was the "but-for" cause of the employer's adverse decision and not merely a motivating factor. *See also Fagan v. U.S. Carpet Installation, Inc.*, 770 F. Supp. 2d 490, 495 (E.D.N.Y. 2011).[3]

Here, Plaintiff satisfies the first three elements. Plaintiff is sixty-four years old and thus in the protected age group. FAC ¶ 10. He applied for the Rescue Paramedic position, was qualified, and Defendants disqualified him the day before his scheduled

---

[3] The Court notes that individuals cannot be held liable for violations of the ADEA. *See, e.g., Shands v. Lakeland Cent. Sch. Dist.*, No. 15-CV-4260 (KMK), 2017 WL 1194699, at *6 (S.D.N.Y. Mar. 30, 2017); *Gindi v. Bennett*, No. 15-CV-6475, 2016 WL 3461233, at *3 (E.D.N.Y. June 20, 2016) ("[T]he ADEA do[es] not permit the imposition of individual liability."), reconsideration denied, 2017 WL 58833 (E.D.N.Y. Jan. 5, 2017). Therefore, Plaintiff cannot sue Defendant Dr. Dario Gonzalez under the ADEA.

interview with no explanation. *Id.* ¶ 24-25. *See also Ndremizara*, 93 F. Supp. 3d at 310 (pointing out that the Second Circuit has applied the definition of "adverse employment action" to "refusal to promote").

As to the fourth factor, "[t]here are a variety of ways in which a plaintiff can demonstrate that the adverse employment action took place under circumstances giving rise to an inference of age discrimination." *Id.* at 311 (citations omitted). Defendants argue that Plaintiff provided no specific factual support in the pleadings that any of the promoted employees were less qualified than him. ECF No.26. Indeed, on a motion to dismiss a discrimination claim, a plaintiff need not allege specific facts which establish a prima facie case, but rather the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema*, 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).[4]

### A. Plaintiff's FAC is Insufficient

As an initial note, the Court points out the Supreme Court's holding in *Gross* addressed a plaintiff's burden of persuasion at trial and did not affect a plaintiff's pleading obligations under *Swierkiewicz* since establishing a prima facie case is an "evidentiary standard and not a pleading requirement." *Swierkiewicz*, 534 U.S. at 510, 122 S.Ct. 992. *See also Fagan*, 770 F. Supp. 2d at 495. Accordingly, Plaintiff was not required to plead that age discrimination was the "but for" cause his cancelled interview. *Id. See also Chacko v. Worldwide Flight Servs.*, No. 08–CV–2363, 2010 WL 424025, at *3 (E.D.N.Y.

---

[4] *See also Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir.2007) ("At this stage of litigation, plaintiffs need not plead a prima facie case and may withstand a motion to dismiss by meeting a lesser standard. Plaintiffs need only comply with Rule 8(a)(2) by providing a short and plain statement of the claim that shows that plaintiffs are entitled to relief and that gives the defendants fair notice of plaintiffs' claims of age discrimination and the grounds upon which those claims rest.")

Feb. 03, 2010) (holding that *Gross* does not require a plaintiff alleging age discrimination to plead that age was the "but-for" reason for the disputed employment decision because "[p]roof standards are analytically distinct from both pleading requirements and from the elements of a plaintiff's prima facie case").[5]

Here, Plaintiff alleges Defendants interviewed and promoted less qualified candidates outside the protected class and even failed to fill some positions due to the lack of qualified candidates. FAC, ¶ 30. He supported his own qualifications with specific facts regarding his extensive maritime experiences, employment history and educational background. *Id.* ¶¶ 33-40. Plaintiff also claims that Defendants turned him away solely due to his age and hired less qualified candidates outside of his protected class are "sufficient to give rise to an inference of discrimination." *Chacko*, 2010 WL 424025 at 4; *see also Wheeler v. Bank of N.Y. Mellon,* No. 16-CV-1176, 2018 WL 3730862, at *6 (N.D.N.Y. Aug. 6, 2018) (denying motion to dismiss where plaintiff alleged she had more professional experience than selectee who was outside of plaintiff's protected class).

However, Plaintiff's FAC both failed to adequately allege that Defendants knew his age and failed to identify the promoted candidates' ages. *See Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 76, 82–83 (2d Cir.2005). Plaintiff relies on *Shands v. Lakeland Cent.*to assert his FAC's adequacy. In *Shands*, the plaintiff alleged that she was over

---

[5] *See also Munoz-Nagel v. Guess, Inc.,* No. 12-CV-1312, 2013 WL 6068597, at *1 (S.D.N.Y. Nov. 15, 2013) ("Munoz-Nagel II") (A "[p]laintiff need not make out a prima facie case at the pleading stage, and may withstand a motion to dismiss by providing a short and plain statement of the claim that shows that she is entitled to relief and that gives [the] [d]efendant fair notice of the age discrimination claim and the grounds upon which it rests."); *Kurian v. Forest Hills Hosp.*, 962 F.Supp.2d 460, 468 (E.D.N.Y.2013) ("[T]he survival of a complaint in an employment discrimination case does not rest on whether it contains specific facts establishing a prima facie case ...." (internal quotation marks omitted))

sixty-five years old and "duly qualified to be employed as an [a]dministrator within the school systems of the State of New York," and the School District did not hire her as an Assistant Principal after she applied. Instead, the School District hired someone "younger, less-experienced[,] and less qualified." *Shands,* 2017 WL 1194699, at \*7. The *Shands* Court found that these allegations satisfied the elements of a prima facie ADEA case. *Id.* The Court reasoned that plaintiff's claim that the person hired was allegedly less qualified than Plaintiff was sufficient to create circumstances giving rise to an inference of discrimination. *Id.*

Plaintiff also relies on *Antunes v. Putnam/N. Westchester Bd. of Co-op. Educ. Servs.*, where the court ruled that, "[e]ven if the decision makers did not know [the p]laintiff's exact age, they were surely aware of his approximate age and that he was much older than [the individual whom the defendant promoted instead of the plaintiff, and t]herefore, [the knowledge] requirement is satisfied." *Antunes v. Putnam/N. Westchester Bd. of Co-op. Educ. Servs.,* No. 09-CV-3063, 2011 WL 1990872, at \*6 n. 17 (S.D.N.Y. May 19, 2011)aff'd sub nom. *Antunes v. Putnam N. Westchester Bd. of Co-op. Educ. Servs.,* 482 Fed.Appx. 661 (2d Cir.2012); *Woodman,* 411 F.3d at 79.

Though Plaintiff's facts are strikingly similar to the facts in the cases presented above, these cases are inapplicable since the plaintiffs in *Shands* and *Antunes* identified the ages of the relevant promoted candidates. In *Shands,* the plaintiff provided the allegedly younger and under qualified candidate's resume. *Shands,* 2017 WL 1194699, at \*7. The *Shands* Court did not use the resume to determine the candidate's qualifications. *Id.* However, the resume provided sufficient evidence to determine the candidate's age and establish a prima facie ADEA claim. *Id.* Similarly, though the plaintiff *Antunes* failed

to allege his employers knew his exact age, he satisfied the burden by alleging that, "he was eighty years old at the time he applied for the [position] and was passed over for [a] twenty-seven-year-old". *Antunes*, 2011 WL 1990872, at *6. Here, as Defendants' point out, the FAC "asserts nothing about the ages, identities, or even the number of individuals in the rescue medic class, except that 'one or more' of these unidentified individuals was under the age of 40." ECF No.26. Therefore, because Plaintiff failed to allege the promoted candidates' ages, the Court finds Plaintiff's FAC insufficient to state a claim under the ADEA.

## II.     Leave to Amend

In his moving papers, Plaintiff requested leave to file a Second Amended Complaint. ECF No. 27. Federal Rule of Civil Procedure 15 provides that, "'a party may amend its pleading only with the opposing party's written consent or the court's leave,' but that '[t]he court should freely give leave when justice so requires.'" *Bristol-Myers Squibb Co. v. Matrix Labs. Ltd.*, 586 F. App'x 747, 752 (2d Cir. 2014) (quoting *Iqbal v. Ashcroft*, 574 F.3d 820, 822 (2d Cir.2009)); *See also* Fed.R.Civ.P. 15(a)(2). Substantive issues, as opposed to issues stemming from inadequate or inartful pleading, generally render an opportunity to replead futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 92d Cir. 2000). Here, Plaintiff's failure to allege the promoted candidates' ages constitutes an "issue stemming from an inadequate pleading". Accordingly, the Court grants Plaintiff leave to file a Second Amended Complaint.

## CONCLUSION

For the reasons stated above, Plaintiff's ADEA claim is **DISMISSED** with leave to amend. The Clerk of the Court is respectfully directed to terminate the pending motion,

ECF. No. 24.

**SO ORDERED**

Dated: March 29, 2019
New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**